UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOSEPH RANDALL, :
Plaintiff, :
v. :
: CA 06-221 S
THE F.B.I. and :
MONTGOMERY COUNTY P.D., :
Defendants. :

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

Before the Court is Plaintiff's Application to Proceed without Prepayment of Fees and Affidavit ("Application"). For the reasons stated below, I recommend that the Application be denied and that Plaintiff's Complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)[1] because his Complaint fails to state a claim upon which relief may be granted.

**Discussion**

Plaintiff states in his Complaint that he wishes to file a civil complaint against the Federal Bureau of Investigation ("F.B.I."), the Montgomery County Police Department ("Montgomery County P.D."), "and/or former Police Chief Charles Moose[,] (lead

[1] 28 U.S.C. § 1915(e)(2) states:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal--
> (i) is frivolous or malicious;
> **(ii) fails to state a claim on which relief may be granted**; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2) (bold added).

investigator in the Washington, D.C., sniper shootings in the month of October 2002)[.]" Complaint at 1. Plaintiff alleges that:

> On October 3rd 2002, I began to uncover evidence that showed John Mohammed [sic] (the DC sniper) was the person most likely to have mailed the anthrax letters the previous year[] (October 2001)[.] A key piece of evidence was, the anthrax letters were said to have originated from a mailbox in New Jersey. I suspected the person doing the shootings would most likely be in a vehicle with New Jersey license plates, and would most likely be found at a rest stop, parking lot, or at anyplace in or near woods.

Id.

Plaintiff states that he tried to convey this information "along with a numerous amount of other evidence, onto former Police Chief Charles Moose, the FBI, and those who were involved in the investigation." Id. Plaintiff believes that "the information was passed on, but was ignored by all those who partook in the investigation." Id.

Plaintiff further alleges that:

> The evidence I uncovered, if listened to, would have ...... [sic] led to the arrest and conviction of the sniper, in the first week his crime began, instead of the 23 days it did take. It would have also proved him to be the person most likely to have mailed the anthrax .... I have been haunted by the deaths of his victims, and those who were injured. I feel I let down the loved ones who lost someone, because I failed in my effort.

Id. at 1-2 (first alteration in original). Plaintiff seeks "compensation in the amount of $175,000.00 for negligence and emotional distress." Id. at 1; see also id. at 2 ("I seek compensation for my time and effort, and what it cost me mentally.").

"In forma pauperis proceedings are governed by 28 U.S.C. § 1915. Subsection (e)(2) of that statute provides that 'the court

shall dismiss the case at any time if the court determines that ... (B) the action or appeal--(i) is frivolous or malicious [or]; (ii) fails to state a claim upon which relief may be granted ....'" Hughes v. Lott, 350 F.3d 1157, 1159 (11th Cir. 2003) (quoting 28 U.S.C. § 1915(e)(2))(alterations in original). It is clear from the face of Plaintiff's Complaint that his claims for negligence are barred by the statute of limitations. Plaintiff knew by the date of John Muhammad's arrest in late October of 2002 that Defendants had failed to act upon his information. Indeed, Plaintiff specifically alleges that Muhammad would have been arrested in the first week of his crime spree if Defendants had not ignored Plaintiff's information. See Complaint at 1-2. Thus, Plaintiff was aware at the very latest by the end of October 2002 of Defendants' alleged negligence and of the harm that allegedly resulted from it.

The statute of limitations for negligence actions is three years regardless of whether Rhode Island, Maryland, or District of Columbia law is applied to Plaintiff's cause of action. See Adams v. Town of Burrillville, 249 F.Supp.2d 151, 154 (D.R.I. 2003)(holding that plaintiff's claims for emotional distress and negligence under Rhode Island law are subject to three-year statute of limitations); Robinson v. Cutchin, 140 F.Supp.2d 488, 493 (D. Md. 2001)(noting Maryland's three-year statute of limitations for negligence actions); Advantage Health Plan, Inc. v. Knight, 139 F.Supp.2d 108, 112 (D.D.C. 2001)(noting agreement that under D.C. Code, Section 12-301, the statute of limitations for negligence claims is three years); see also R.I. Gen. Laws § 9-1-14(b) (1997 Reenactment),[2] Md. Code Ann., Cts. & Jud. Proc. §

---

[2] R.I. Gen. Laws § 9-1-14(b) (1997 Reenactment) provides that: "Actions for injuries to the person shall be commenced and sued within three (3) years next after the cause of action shall accrue, and not after."

5-101 (1991);[3] D.C. Code Ann. § 12-301 (2001).[4] To be timely, Plaintiff's claims against Defendants for negligence and emotional distress would have had to have been filed at the latest by the end of October 2005.[5] Accordingly, they are time

---

[3] Md. Code Ann., Cts. & Jud. Proc., § 5-101 (1991) provides that: "A civil action at law shall be filed within three years from the date it accrues unless another provision of the Code provides a different period of time within which an action shall be commenced."

[4] D.C. Code § 12-301 states:

> Except as otherwise specifically provided by law, actions for the following purposes may not be brought after the expiration of the period specified below from the time the right to maintain the action accrues:
>
> (1) for the recovery of lands, tenements, or hereditaments -- 15 years;
> (2) for the recovery of personal property or damages for its unlawful detention -- 3 years;
> (3) for the recovery of damages for an injury to real or personal property -- 3 years;
> (4) for libel, slander, assault, battery, mayhem, wounding, malicious prosecution, false arrest or false imprisonment -- 1 year;
> (5) for a statutory penalty or forfeiture -- 1 year;
> (6) on an executor's or administrator's bond -- 5 years; on any other bond or single bill, covenant, or other instrument under seal -- 12 years;
> (7) on a simple contract, express or implied -- 3 years;
> **(8) for which a limitation is not otherwise specially prescribed -- 3 years;**
> (9) for a violation of § 7-1201.01(11).
> (10) for the recovery of damages for an injury to real property from toxic substances including products containing asbestos -- 5 years from the date the injury is discovered or with reasonable diligence should have been discovered.
>
> This section does not apply to actions for breach or contracts for sale governed by § 28:2-725, nor to actions brought by the District of Columbia government.

D.C. Code Ann. § 12-301 (2001) (bold added).

[5] Because the United States can be sued only to the extent that it has waived its sovereign immunity, Plaintiff's claims against the F.B.I. would have had to have been presented by the end of October 2004. See Cato v. United States, 70 F.3d 1103, 1107 (9th Cir. 1995)

barred.

A district court may properly dismiss as frivolous claims that are barred by the applicable statute of limitations. See Dellis v. Corr. Corp. of America, 257 F.3d 508, 510 (6th Cir. 2001); Gonzales v. Wyatt, 157 F.3d 1016, 1019-20 (5th Cir. 1998)("Where it is clear from the face of a complaint filed in forma pauperis that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed pursuant to § 1915."); Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994)("District courts may dismiss claims sua sponte[6] under § 1915(d)[7] where it is clear from the face of a complaint filed in forma pauperis that the claims asserted are barred by the applicable statute of limitations."); see also Nasim v. Warden, Maryland House of Corr., 64 F.3d 951, 955 (4th Cir. 1995)(finding district court did not abuse its discretion in dismissing pro se complaint as "baseless because, on its face, the complaint demonstrates that it was not timely filed, as it was not filed within three years after the claims accrued"); cf. Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995)("A complaint is frivolous within the meaning of § 1915(d)[8] if it lacks an arguable basis either in law or in fact."). Accordingly, because it is clear from the face of Plaintiff's Complaint that his claims are time barred, I recommend that the Application be denied and that his Complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim

---

("[A] tort claim against the United States 'shall be forever barred' unless it is presented within two years after the claim accrues.")(quoting 28 U.S.C. § 2401(b)).

[6] "Sua sponte" means that a court acts "on its own motion." Black's Law Dictionary 1464 (8th ed. 2004).

[7] Now 28 U.S.C. § 1915(e).

[8] See n.7.

upon which relief may be granted. See Nasim v. Warden, Maryland House of Corr., 64 F.3d at 955.

**Conclusion**

For the reasons stated above, I recommend that Plaintiff's Application be denied and that the Complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2). Any objections to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

David L. Martin

DAVID L. MARTIN
United States Magistrate Judge
May 17, 2006